## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER STEVENSON,** | : | **CIVIL NO. 3:12-CV-981** |
| | : | |
| **Petitioner,** | : | **(Judge Caputo)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JON FISHER, et al.,** | : | |
| | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

#### A.   Introduction

Seven and one half years ago, in March of 2005, Christopher Stevenson was charged in the Court of Common Pleas of Dauphin County with homicide and firearms violations. (Doc. 2.)  Four and one half years ago, in May of 2008, the petitioner was sentenced to 17 to 34 years in prison following his guilty plea to third degree murder. Stevenson never appealed this conviction and sentence, and waited some seven months, until January of 2009, before seeking to challenge this conviction through a motion for post-conviction relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq.  That state PCRA petition was denied, and that denial was affirmed by the Pennsylvania Superior Court on March 17, 2011.  Fourteen months then elapsed from the denial of the PCRA petition until Stevenson filed this federal habeas corpus petition on May 24, 2012.  Now–more than seven years after

this slaying, four-and -one half years after his guilty plea conviction for this murder, and fourteen months after the conclusion of his state PCRA petition litigation–Stevenson comes to federal court seeking a writ of habeas corpus overturning this state conviction.

For the reasons set forth below, it is recommended that this petition for writ of habeas corpus be denied as untimely.

## B.   Procedural History of the State Prosecution

This is a case with a lengthy litigation history marked by recurrent delay and dilatory conduct attributable to the petitioner.  The story of Christopher Stevenson's legal foray, a foray which now brings him before this court, began more than seven years ago, in March of 2005, when Stevenson was charged in the Court of Common Pleas of Dauphin County with homicide and firearms violations. (Doc. 2.)  In April of 2008, Stevenson pleaded guilty to third degree murder in connection with this slaying and on May 28, 2008, Stevenson was sentenced to 17 to 34 years in prison following this murder guilty plea. (Doc. 1, ¶¶2-5.)

It is undisputed that Stevenson never pursued a direct appeal of this conviction and sentence.  Indeed, Stevenson took no action whatsoever in this matter for nearly eight months, until  January 13, 2009, when Stevenson filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541 et seq. See Docket of Court of Common Pleas, No. CP-22-CR-0001314-2005 at 10.  Before

the trial court had finally acted on the petition,  Stevenson apparently endeavored in some fashion to challenge a decision on appeal, but on December 14, 2009, the Pennsylvania Superior Court quashed Stevenson's appeal for failure to appeal from a proper final order. <u>See</u> Docket of Superior Court, No. 1025 MDA 2009.   The petition was dismissed on June 7, 2010.  <u>See</u> Docket of Court of Common Pleas, No. CP-22-CR-0001314-2005 at 12.  In the meantime, on May 14, 2010,  Stevenson filed a second PCRA petition. *Id.*  On March 17, 2011, the Pennsylvania Superior Court affirmed the denial of Stevenson's PCRA petition. <u>See</u> Docket of Superior Court, No. 1109 MDA 2010.

Fourteen more months then passed without any action of Stevenson's part until May 24, 2012, when Stevenson filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  The Commonwealth has now filed an initial response to this petition which asserts that this petition is barred by the one-year statute of limitations which applies to state habeas actions under 28 U.S.C. § 2244.(Doc. 17.)  Stevenson, in turn, has filed a traverse objecting to the state's assertion of the statute of limitations in this case. (Doc. 20.)  Accordingly, this matter has been fully briefed by the parties and is now ripe for review.  For the reasons set forth below, we recommend that this petition be denied as time-barred.

## II.    Discussion

### A. State Prisoner Habeas Relief–The Legal Standard.

A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows:

> **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > **(A)** the applicant has exhausted the remedies available in the courts of the State;
> > . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b)

### (1.)    Substantive Standards for Habeas Petitions

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts. Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure. See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994). Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

## (2.)   **Procedural Benchmarks for Habeas Petitions**

### ( a. )   **Statute of Limitations**

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that petitioners timely file motions seeking habeas corpus relief. The Antiterrorism and Effective Death Penalty Act of 1996("AEDPA"), 28 U.S.C. § 2244 established a one-year statute of limitations on the filing of habeas petitions by state prisoners. In pertinent part, § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 617 (3d Cir.1998).

The calculation of this limitations period is governed by a series of well-defined rules. At the outset, these rules are prescribed by statute, specifically 28 U.S.C. § 2244(d)(2), which provides that:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

In assessing § 2244(d)(2)'s tolling provision relating to the time when a case is "pending" state review, it is clear that "the term 'pending' must include the time

between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not eventually filed." Swartz, 204 F.3d at 424.  Thus, the courts have construed this tolling provision in a forgiving fashion, and in a manner which enables petitioners to toll their filing deadlines for the time periods in which they could have sought further direct appellate review of their cases, even if they did not, in fact, elect to seek such review. However, for purposes of tolling the federal habeas statute of limitations, a "properly filed application for State post-conviction or other collateral review" only includes applications which are filed in a timely fashion under state law.  Therefore, if the petitioner is delinquent in seeking state collateral review of his conviction, that tardy state pleading will not be considered a "properly filed application for State post-conviction or other collateral review" and will not toll the limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 412-14 (2005); Long v. Wilson, 393 F.3d 390, 394-95 (3d. Cir. 2004).

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; Miller, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling. Id. at 618-19. Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. As the United States Court of Appeals for the Third Circuit

has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'  Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'  The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient." Id.  at 618-19 (citations omitted).  Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling: if
> (1) the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.
> Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Applying this exacting standard, Courts have held that: "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling. See Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling where the statute of limitations was changed to shorten the time for filing a PCRA only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597 (9th Cir.1999) (finding lawyer's inadequate research, which led to miscalculating the

deadline, did not warrant equitable tolling)." Id.  Courts have also repeatedly rejected claims by *pro se* litigants that the burdens of proceeding *pro se* should somehow exempt them from strict compliance with the statute of limitations. See, e.g., Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001);United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Thus, while tardy habeas petitioners often invite courts to find extraordinary circumstances warranting equitable tolling, those invitations are rarely embraced by the courts. See, e.g., Merritt v. Blaine, 326 F.3d 157 (3d.Cir. 2003)(denying equitable tolling request); Robinson v. Johnson, 313 F.3d 128 (3d. Cir. 2002)(same).

## B.    Stevenson's Petition is Time-Barred by AEDPA's Statute of Limitations

In this case, the Commonwealth argues as a threshold matter that Stevenson's petition is now barred by § 2244(d)'s one-year statute of limitations.  Our analysis of the delays which have plagued this litigation over the past seven years convinces us that these claims are, in fact, now time-barred.

The history of this case reveals that Stevenson was charged in March 2005, and convicted in May 2008. Stevenson then wholly neglected to pursue a direct appeal of this conviction and sentence. In fact, Stevenson took no action until January 2009, when he filed a PCRA petition in state court.  These state PCRA proceedings then

drew to a close when Stevenson's state petition was dismissed on June 7, 2010.  On March 17, 2011, the Pennsylvania Superior Court affirmed the denial of Stevenson's PCRA petition. Stevenson then delayed more than a year before filing this federal habeas corpus petition in May, 2012.

On the face of these court records, we believe that Stevenson's federal habeas petition is clearly untimely, and is now barred by AEDPA's one-year statute of limitations. Indeed, even the most straightforward, and generous, application of § 2244's statute of limitations to this case leads to a finding that this petition is time-barred. If we toll the entire period from January 2009 through April, 2011, when Stevenson was pursuing PCRA litigation, we are still faced with two stark realities: First, 200 days of non-tolled time elapsed between when Stevenson's conviction became final in June of 2008 and the filing of his first PCRA petition in January 2009. Second, after his PCRA litigation drew to a close another 404 days of non-tolled time expired between the expiration of the time to file a petition for allowance of appeal to the Pennsylvania Supreme Court regarding the denial of his PCRA petition, on April 17, 2011, and the date he filed the instant petition in May 2012. Thus, a straightforward application of the statute of limitations reveals that more than 600 days have passed in this case which are not subject to any form of statutory tolling, a period which is far in excess of the one-year limitations period prescribed by § 2244.

Stevenson's pleadings do not provide a meaningful explanation for these unaccountable delays. Rather, Stevenson simply asserts that he believes he is entitled to a 5-month tolling period from March 2011 through September 17, 2011, due to his lack of familiarity with the federal legal system. (Doc. 20, p.6.) We find this excuse to be inadequate to justify equitable tolling and carry Stevenson's burden of showing that: "the petitioner has '**in some extraordinary way** ... been prevented from asserting his or her rights.'" Miller, 145 F.3d at 618-19 (citations omitted)(emphasis added). Indeed, we are compelled to note that, even if we completely accepted Stevenson's invitation to extend this additional five month equitable tolling period to the petitioner, more than a year of untolled time would still exist under AEDPA's statute of limitations,[1] and his petition would continue to be time-barred.

Moreover, we find that Stevenson has failed to satisfy a basic prerequisite for equitable tolling. He has failed to show that he "'exercised reasonable diligence in investigating and bringing [the] claims.'" Miller, 145 F.3d at 618-19 (citations omitted). Rather than showing reasonable diligence, we find that Stevenson's

---

[1]This untolled period would consist of 200 days of non-tolled time elapsed between the time when Stevenson's conviction became final in June of 2008 and the filing of his first PCRA petition in January 2009, along with an additional 250 days from the September 17, 2011 expiration of this equitable tolling period proposed by Stevenson, (Doc. 20, p.6), to the date upon which this federal habeas corpus petition was filed, May 24, 2012, for a total, and totally unexcused, delay of 450 days, a period far beyond the one-year limitations period prescribed by law.

approach to this litigation is marked by largely unexplained indolence. In the face of this  record of inaction on Stevenson's part, both before and after his state PCRA litigation, no form of statutory or equitable tolling analysis can save this petition from the fate which AEDPA's one-year statute of limitations dictates for any habeas petition brought years after the petitioner's conviction. On its face, this petition is untimely and falls outside § 2244(d)'s one-year limitation period.

Indeed, in this case several factors weigh heavily against further equitable tolling of the limitations period for Stevenson. At the outset, equitable tolling would be particularly inappropriate here, given the nature of the claims that Stevenson seeks to advance in a tardy fashion. Liberally construed, this petition advances claims that Stevenson's counsel was incompetent, and his guilty plea was involuntary, matters which would have been apparent to the petitioner many years ago at the time of his plea. Therefore, it simply cannot be said "that [t]he [petitioner] . . . 'exercised reasonable diligence in investigating and bringing [the] claims'" when he delayed in asserting these claims.  Miller, 145 F.3d at 618-19 (citations omitted).

Yet, while Stevenson has made no showing of extraordinary circumstances on his part which would justify further tolling this limitations period, there are substantial interests that weigh in favor of holding Stevenson strictly to the limitations period prescribed by law.  These countervailing interests include the strong  societal interests

favoring finality in litigation, as well as the institutional interests of the criminal justice system, which favor prompt presentation and resolution of disputes. However, when considering a statute of limitations question in the context of a belated collateral attack upon a criminal conviction arising out of a homicide, there is also an important human dimension to the statute of limitations. In 2005, Stevenson was charged with murder. In 2008 he pleaded guilty to this killing. To ignore the limitations period prescribed by law, and permit Stevenson to belatedly re-open this case years later, would compel the victim's family and friends to, once again, experience the trauma of these events. Since Stevenson has not fulfilled his responsibility to bring this petition in a timely manner, and has not carried his burden of showing extraordinary circumstances justifying a tolling of the statute of limitations, he should not be entitled to compel the government to require his victims to revisit these events.

In short, Stevenson's petition invites this Court to ignore his procedural defaults, disregard the findings of the state courts, discount the statute of limitations, and re-open a seven year old case, without considering the prejudice to the state and the potential harm which could be experienced by the victim's family and friends if they were required to endure these events once again. Since this request flies in the face of the law, and cannot be justified on the facts, this Court should decline this invitation, and deny his petition for writ of habeas corpus. See, e.g., Merritt v. Blaine,

326 F.3d 157 (3d.Cir. 2003)(denying equitable tolling request); <u>Robinson v. Johnson</u>,

313 F.3d 128 (3d. Cir. 2002)(same).

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, upon consideration of this Petition for

Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the  Response in

Opposition to this Petition, IT IS RECOMMENDED that the Petition be DENIED, and

that a certificate of appealability should not issue. The parties are further placed on

notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in 28
> U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition
> of a prisoner case or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall file with the clerk
> of court, and serve on the magistrate judge and all parties, written
> objections which shall specifically identify the portions of the proposed
> findings, recommendations or report to which objection is made and the
> basis for such objections. The briefing requirements set forth in Local
> Rule 72.2 shall apply. A judge shall make a de novo determination of
> those portions of the report or specified  proposed findings or
> recommendations to which objection is made and may accept, reject, or
> modify, in whole or in part, the findings or recommendations made by the
> magistrate judge. The judge, however, need conduct a new hearing only
> in his or her discretion or where required by law, and may consider the
> record developed before the magistrate judge, making his or her own

determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of September, 2012.


_**S/Martin C.  Carlson**_
Martin C. Carlson
United States Magistrate Judge