# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER STEVENSON,

    Petitioner,

    v.

JON FISHER, *et al.*,

    Respondents.

NO. 3:CV-12-0981

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## **MEMORANDUM**

Presently before the Court is Petitioner Christopher Stevenson's Motion to Proceed *In Forma Pauperis*. (Doc. 25.) Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on May 24, 2012. (Doc. 1.) On October 10, 2012, I adopted Magistrate Judge Carlson's recommendation to deny the Petition. (Doc. 22.) Now, Petitioner seeks to appeal the denial of his Petition *in forma pauperis*. (Doc. 25.) Because Petitioner's motion fails to comply with Rule 24 of the Federal Rules of Appellate Procedure, and because the appeal is not taken in good faith, the motion to proceed *in forma pauperis* will be denied.

## **BACKGROUND**

In March 2005, Petitioner was charged in the Court of Common Pleas of Dauphin County, Pennsylvania with homicide and firearms violations. In April 2008, Petitioner pled guilty to third degree murder in connection with these charges. Thereafter, on May 28, 2008, Petitioner was sentenced to seventeen (17) to thirty-four (34) years in prison.

Petitioner did not pursue a direct appeal of this conviction and sentence. Rather, Petitioner waited for nearly eight (8) months, until January 13, 2009, to file for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). This PCRA petition was ultimately

dismissed on June 7, 2010. In the meantime, on May 14, 2010, Petitioner filed a second PCRA petition. On March 17, 2011, the Pennsylvania Superior Court affirmed the denial of the PCRA petition.

Fourteen (14) months later, in May 2012, Petitioner filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Commonwealth filed a response to the Petition asserting that it was barred by the one-year statute of limitations applicable to state habeas actions under 28 U.S.C. § 2244. Petitioner subsequently filed a traverse objecting to the Commonwealth's assertion of the statute of limitations.

On September 7, 2012, Magistrate Judge Carlson issued a Report and Recommendation recommending that the Petition be denied. According to Magistrate Judge Carlson, the Petition was untimely filed and barred by AEDPA's one-year statute of limitations. I adopted Magistrate Judge Carlson's recommendation to deny the Petition on October 10, 2012.

Petitioner then filed a Notice of Appeal of the Order denying the Petition on November 13, 2012. (Doc. 24.) The same day, Petitioner filed a motion to proceed on appeal *in forma pauperis* (Doc. 25.) Petitioner asserts that he should be permitted to proceed on appeal without prepaying fees or costs because: (1) he receives no income or prison wages; (2) he receives no money from other business or professional sources; (3) he has no cash or money in a checking or savings account; (4) he does not own any stocks, bonds, real estate, or any other valuable property;(5) he owes other court fines and restitution in his criminal case; and (6) he believes he is entitled to redress. (*Id*.)

**DISCUSSION**

A litigant who wishes to proceed *in forma pauperis* ("IFP") on appeal must comply with Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915; Fed. R. App. P. 24. Rule 24(a)(1) provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).[1] Rule 24 further provides that if an IFP motion is denied by the district court, "it must state its reasons in writing." *See* Fed. R. App. P. 24(a)(2).

In addition, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" for purposes of 28 U.S.C. § 1915(a)(3) does not mean "good faith from [the petitioner's] subjective point of view." *Coppedge v. United States*, 369 U.S. 438, 444, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Instead, "'good faith' in this context must be judged by an objective standard. . . . [A] defendant's good faith in this

---

[1] Rule 24(a)(3) allows a party who was permitted to proceed *in forma pauperis* in the district court action to proceed on appeal *in forma pauperis* without further authorization unless: (1) the district court certifies "that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding"; or (2) "a statute provides otherwise." Fed. R. App. P. 24(a)(3). Petitioner did not proceed *in forma pauperis* in this Court. (Docs. 3; 6.)

3

type of case [is] demonstrated when [the petitioner] seeks appellate review of *any issue not frivolous*." *Coppedge*, 369 U.S. at 445 (emphasis added).  "An appeal is frivolous where none of the legal points is arguable on the merits." *Muhammad El Ali v. Vitti*, 218 F. App'x 161, 163 (3d Cir. 2007) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L.E. 2d 338 (1989)).

Petitioner's motion to appeal *in forma pauperis* will be denied for two reasons. First, the motion fails to comply with the technical requirements of Rule 24 to proceed on appeal *in forma pauperis*.  Petitioner has not filed an affidavit "in the detail prescribed by Form 4 of the Appendix of Forms" demonstrating his inability to pay. Fed. R. App. P. 24(a)(1)(A).  And, even to the extent that Petitioner's motion could be construed as providing sufficient detail of his financial affairs as required by Rule 24, Petitioner fails to state "the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).

Second, disregarding the technical deficiencies in the motion, the motion will also be denied because the appeal is not taken in good faith.  Indeed, as previously noted, "even the most straightforward, and generous, application of § 2244's statute limitations to this case leads to a finding that this petition is time-barred." (Doc. 21.)  Thus, because the Petition is clearly time-barred, the appeal fails to raise any legal points that are arguable on the merits. *See Vitti*, 218 F. App'x at 163.  Petitioner's appeal will therefore be certified as "not taken in good faith." 28 U.S.C. § 1915(a)(3); *see, e.g., Reyes v. Scism*, No. 10-CV-1835, 2012 WL 727908, at *3 (M.D. Pa. Mar. 6, 2012) (certifying appeal not taken in good faith); *Francis v. Joint Force Headquarters Nat'l Guard*, No. 05-4882, 2009 WL 387899, at *4 (D. N.J. Feb. 13, 2009) (same).

## CONCLUSION

For the above stated reasons, Petitioner's Motion to Proceed *In Forma Pauperis* on appeal will be denied.

An appropriate order follows.

| | |
|---|---|
| November 15, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |